696 So.2d 642 (1997)
BATON ROUGE UNION OF POLICE, LOCAL 237, I.U.P.A., AFL-CIO and Baton Rouge Firefighters Local 557, International Association of Fire Fighters, AFL-CIO, Daryl Edgens, Greg Weimer, Wayne Lockett, Noel Salamoine, Clarence McGarney and Joe Bourgeois
v.
The CITY OF BATON ROUGE and Mack Davis, Jr.
No. 96 CA 1976.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
*643 Floyd J. Falcon, Baton Rouge, for Plaintiffs-Appellees.
Dawn N. Guillot, Baton Rouge, for Defendants-Appellants.
Before SHORTESS, LeBLANC and FOIL, JJ.
SHORTESS, Judge.
Who is the "executive head" of a "legally chartered and established institution of higher education" within the meaning of Louisiana Revised Statute 33:2476(C)(2)the president of the university system or the chancellor of the university? This is the sole legal issue we are called upon to decide in this case.
Upon the request of a municipality's governing body, a university's executive head is required by 33:2476(C)(2) to furnish a list of nominees to fill a vacancy on the municipal fire and police civil service board. In Baton Rouge, the Metropolitan Council of the City of Baton Rouge, Parish of East Baton Rouge (Metro Council), has traditionally solicited nominations for appointees to the Baton Rouge Fire and Police Civil Service Board (the Board) from the chancellors of Louisiana State University's and Southern University's Baton Rouge campuses. In 1995, after the Metro Council solicited nominations from Southern's chancellor, both the chancellor and the president of the Southern University system submitted nominations. The Metro Council appointed one of the chancellor's nominees, Mack Davis, Jr., in January 1996.
The Baton Rouge Union of Police, Local 237, I.U.P.A., AFL-CIO; Baton Rouge Firefighters Local 557, International Association of Firefighters, AFL-CIO; Baton Rouge firefighters Daryl Edgens, Greg Weimer, and Wayne Lockett; and Baton Rouge police officers Noel Salamoine, Clarence McGarney, and Joe Bourgeois (plaintiffs) filed this declaratory judgment and injunction suit, seeking to have Davis removed from the Board. Davis and the City of Baton Rouge were named as defendants.
No testimony was taken in the case; the parties filed stipulations of fact. After oral argument, the trial court ruled the president of the Southern system was the executive head of the university under the statute. The court then rendered judgment declaring Davis's position vacant and enjoining him from serving on the Board. Defendants appeal.
Louisiana law on statutory interpretation is set forth in Louisiana Civil Code articles 9 through 13. Law is to be applied as written if it is clear and unambiguous.[1] If the statute's language is susceptible of different meanings, we must seek the meaning that best conforms to the law's purpose.[2] We *644 must give the words of a law their generally prevailing meaning[3] and examine ambiguous words in context.[4] We must interpret laws on the same subject matter in pari materia, or in reference to each other.[5]
Using these guidelines, we shall determine the meaning of the phrase "executive head." It is obviously susceptible to different meanings, as plaintiffs believe it means president, while defendants believe it means chancellor. Thus, we must ascertain the meaning that best conforms with the law's purpose.
The statute in question, 33:2476, does not define executive head. It provides, in pertinent part:
C..... The members of the board shall be appointed by the governing body as follows:
....
(2) Two members shall be appointed from a list of four nominees, that shall be furnished within thirty days after receiving such request by the executive head of a legally chartered and established institution of higher education located within the municipality; or, if there is no such institution in the municipality, by the executive head of any such institution of the governing body's choice within the state. However, if only two such four-year institutions of higher education are located within the municipality, the head of each of the two institutions shall furnish a list of two nominees and one member shall be appointed from each such list.
This statute has changed little since the Municipal Fire and Police Civil Service Law was enacted by Acts 1944, Act 102. The requirement that an appointee be nominated by a university's "executive head" was contained in Section 5(C)(2) of that act:
Two (2) members shall be appointed from a list of four (4) nominees, which shall be furnished by, within thirty (30) days after receiving such request, the executive head of a legally chartered and established institution of higher education located within the respective municipality; or, if there be no such institution in the municipality, by the executive head of any such institution of the Governing Body's choice within the State.
The Act does not define executive head, but the existing law in effect when this law was enacted, former Revised Statute 17:1471, denominated the president of Louisiana State University as "the executive head of the University in all its divisions."[6] Thus, it is clear the legislative intent in 1944 was that the president of the university system nominate the appointees to the board.
Southern University did not have a board of supervisors or a system president in 1944; its board was created in the 1974 Constitution.[7] Revised Statute 17:3201 provides that the boards of Southern and LSU are to be treated the same under the law: "[T]he provisions of this Chapter shall apply in the same manner and to the same extent to the Board of Supervisors of [LSU], the Board of Supervisors of Southern ..., the Board of Trustees for State Colleges and Universities, and any other board vested with the supervision and management of institutions of higher education hereafter created."
In 1975 the legislature repealed Revised Statute 17:1471 and replaced it with Revised Statute 17:3302.[8] That statute describes the president of each university system as the "executive officer of the university system," rather than the executive head. Using the legislative history outlined above, we conclude that, insofar as LSU is concerned, the terms executive officer and executive head are synonymous for purposes of Revised Statute 33:2476(C)(2). And since LSU and Southern are treated the same under the law, the president of the Southern system must be that university's executive head also.
Defendants make two arguments in support of their position that the chancellor of *645 Southern is the executive head. First, they argue the chancellor is the executive head of the institution "located within the municipality," i.e., the head of the local campus. They cite Revised Statute 17:3303, which refers to the "head" of each college and university. This construction takes the phrase "located within the municipality" out of context. The phrase is used throughout the statute to describe the institution; it does not modify "executive head."
Furthermore, there are two chancellors of Southern "located within the municipality" of Baton Rougethe chancellor of Southern's Baton Rouge campus and the chancellor of its law school. There can be only one executive head for the purposes of 33:2476. We are of the opinion that executive head was intended to be the president of the university system.
Defendants also contend that the Metro Council has historically solicited the chancellor of the local university campus to submit nominations and that this custom has the force of law. Civil Code article 1 provides that legislation and practice are the two sources of law, but article 3 is clear that custom may not abrogate legislation. The custom of soliciting nominations from the chancellor of the local campus, which we find was a violation of the 33:2476, cannot abrogate legislation that clearly intended the nominations be made by the system president.
For the foregoing reasons, the judgment of the trial court is affirmed. Defendants are cast with all costs of this appeal, which total $320.30.
AFFIRMED.
NOTES
[1] La. C.C. art. 9.
[2] La. C.C. art. 10.
[3] La. C.C. art. 11.
[4] La. C.C. art. 12.
[5] La. C.C. art. 13.
[6] Acts 1940, No. 196, art. III, § 15.
[7] Article 8, § 7; Article 14, § 3. See also La. R.S. 17:3216.
[8] Acts 1975, No. 313, § 2, eff. July 17, 1975.